CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 06 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BERNARD BROWN, | ) | CASE NO. 7:14CV00466 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| R. BROCK, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Bernard Brown, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against prison food service personnel for injuries he suffered from biting on a piece of metal in his beans. Brown has also filed a motion to amend his complaint to revise his demand for relief. The court will grant the amendment, but finds that the complaint as amended must be summarily dismissed.

## Background

Brown is incarcerated at Red Onion State Prison. He alleges that as he started to eat the beans served with his lunch meal on June 17, 2014, he bit down on a piece of metal and broke a tooth. Brown immediately told an officer about the incident and gave back his meal tray. Food Service Director P. Scarberry took the tray, examined the metal object, and told Brown that the "metal [had] come from [a] bad can opener [she had] told the guys not to use." (Compl. 2.) Scarberry then directed the officer to dump the contents of the tray in the garbage, including the metal object. Brown received pain medication until he saw the dentist a month later. The dentist coated the tooth with gel to decrease sensitivity, but told Brown that if this solution did not help, the tooth might need to be extracted.

Brown also alleges that on two occasions in June and July 2014, when the officer serving his meal removed the tray top, he found an insect on Brown's food. Brown complains that the tray tops are cracked and should be replaced.

In his § 1983 complaint, Brown sues Scarberry and R. Brock, her assistant, because they were in charge of the kitchen the day Brown's beans had metal in them. He seeks monetary damages and a transfer.

## **Discussion**

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

As an initial matter, Brown does not state facts showing that either of the defendants placed the metal in the beans, knew that it was there, or knew of a risk that the beans might contain a metal object. These officials cannot be held automatically liable for violations of plaintiff's rights caused by the actions or omissions of their subordinates. Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982) (finding that doctrine of respondeat superior is inapplicable to §1983 actions).

In any event, the court is satisfied that Brown's claims about foreign objects in his food do not give rise to a constitutional claim against anyone. The Eighth Amendment protects prisoners from cruel and unusual conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). To prove a constitutional claim related to an unsafe jail condition, Brown must show that each of the

2

defendant prison officials acted with deliberate indifference–that they knew a particular prison condition presented a substantial risk of serious harm and nevertheless failed to take "reasonable measures" to alleviate that risk. Farmer v. Brennan, 511 U.S. 825, 835-37 (1994). Plaintiff must also show that he suffered a serious injury from the unsafe condition. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993).

Brown does not allege suffering any injury whatsoever from finding an insect on his food tray on two occasions. Therefore, he has no constitutional claim concerning these incidents or the cracked tray tops. Id.

The court will presume for purposes of this opinion that Brown's broken tooth constitutes serious harm. Nevertheless, he states no Eighth Amendment claim concerning this injury, because he fails to allege facts demonstrating deliberate indifference by anyone. Nothing in his submissions suggests that either of the defendants or any other kitchen worker knew before Brown's injury that the defective can opener (or any particular food item) posed an excessive risk of serious harm to anyone. The defendants' failure to remove the can opener—or other kitchen workers' use of that utensil despite Scarberry's instruction not to use it—presents, at the most, a claim of negligence and does not support a finding that any one knowingly failed to alleviate a significant risk of serious harm. Farmer, 511 U.S. at 835-37. Thus, Brown's allegations simply do not state any constitutional claim actionable under § 1983 against anyone. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).

3

## Conclusion

For the reasons stated, the court must dismiss Brown's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 6th day of October, 2014.

                                                        Chief United States District Judge